UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA MALAVE-SYKES,

                             **Plaintiff,**

   vs.                                                3:23-CV-1215
                                                               (MAD/ML)

ENDICOTT POLICE DEPARTMENT,
OFFICER E. RIEGEL, LINDA JACKSON, and
JESSICA A. HINKLE,

                             **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JOSHUA MALAVE-SYKES**
15 Delaware Avenue
Apt. No. 245
Endicott, New York 13760
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On September 28, 2023, Plaintiff Joshua Malave-Sykes commenced this action, *pro se*, by filing a complaint, a motion to proceed *in forma pauperis* ("IFP"), and a motion for an order to show cause for a temporary restraining order or preliminary injunction. *See* Dkt. Nos. 1, 2, 4. On October 2, 2023, Plaintiff filed a supplemental affidavit. *See* Dkt. No. 7. On October 3, 2023, he filed a letter in support of his motion for an order to show cause and a motion to obtain an Electronic Case Filing ("ECF") login and password. *See* Dkt. Nos. 8, 9. Plaintiff's complaint, motion for an order to show cause, and supplemental documents relate to his state court arrest and criminal charge for strangulation by the Endicott Police Department. *See* Dkt. Nos. 1, 4, 7, 8.

On October 17, 2023, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP motion, denying Plaintiff's request for an ECF login, and recommending that Plaintiff's complaint be dismissed with leave to amend and his motion for an order to show cause be denied.  *See* Dkt. No. 10.

Plaintiff filed objections to the Order and Report-Recommendation and two additional letters.  *See* Dkt. Nos. 12, 13, 14.  As Plaintiff is proceeding *pro se*, the Court must review his filings under a more lenient standard.  *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003).  The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis."  *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the Court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011)

(citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A.   **Plaintiff's Complaint**

Plaintiff's objections to Magistrate Judge Lovric's Order and Report-Recommendation reiterate the arguments and contentions he presented in his complaint, motion for an order to show cause, and additional letters to the Court. *See* Dkt. Nos. 1, 4, 7. Plaintiff restates that his due process rights have been violated because false state criminal charges were brought against him, and the Endicott Police Department is discriminating against him because he is a Black male. *See* Dkt. No. 12 at 16-18, 22-24.[1] Plaintiff contends that he was not the initial aggressor in the altercation with Defendant Hinkle which led to the criminal charges and that he has suffered deprivations of liberty and property as a result of Defendant Hinkle's and the Police Department's conduct. *See id.* These assertions were all considered and rejected by Magistrate Judge Lovric. *See* Dkt. Nos. 1, 4, 7, 10. As Plaintiff does not raise specific objections to the Order and Report-Recommendation and instead merely reiterates the information already before the Court, it will review the Order and Report-Recommendation for clear error.

Having reviewed the October 17, 2023, Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error. Magistrate Judge Lovric correctly determined that (1) Defendant Hinkle is not a state actor and cannot be sued pursuant to 42 U.S.C. § 1983, *see Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citation

---

[1] For a complete recitation of relevant background as alleged in the complaint, the Court refers to Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 10 at 3-6.

omitted) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [] required to show state action"); (2) the Endicott Police Department is not the proper party to be sued, *see Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 269 (N.D.N.Y. 2008) (quoting *Leland v. Moran*, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000)) ("[A]n administrative arm of a municipality, such as [a police department] or . . . Sheriff's Office, 'cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity'"); and (3) the Court should abstain from exercising subject matter jurisdiction under the *Younger* doctrine because Plaintiff's state criminal proceedings are ongoing. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citation omitted) ("*Younger* precluded federal intrusion into ongoing state criminal prosecutions"); *see also* Dkt. No. 10 at 9-15.

In his objections, "Plaintiff acknowledges the Court's interpretation of unable to interfere in on [sic] criminal proceeding . . . ." Dkt. No. 12 at 2. He also explains the ways in which a private actor could be considered a state actor for the purposes of § 1983 liability. *See id.* at 19-21. Despite acknowledging these issues, Plaintiff fails to explain how his complaint overcomes either hurdle. *See generally id.*

Plaintiff cannot bring a claim against a private person under § 1983 and he does not allege in his complaint that the police compelled Defendant Hinkle's conduct, that they engaged in a conspiracy, or that Defendant Hinkle was performing actions that are typically performed by the state. *See* Dkt. No. 1; *see also Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (citation and quotation marks omitted) ("[P]roviding false information to the police does not make a private individual . . . a state actor and liable under § 1983"); *Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("[A] private party who calls the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were

4

under the control of the private party"). As such, Magistrate Judge Lovric correctly concluded that Plaintiff's claims against Defendant Hinkle cannot survive initial review.

Next, as Magistrate Judge Lovric explained in his Order and Report-Recommendation, there is an exception to *Younger* abstention. *See* Dkt. No. 10 at 14-15. Jurisdiction may be exercised despite the *Younger* factors being met if Plaintiff can show "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 54 (1971). "To show bad faith, a plaintiff must show that 'the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive' and 'ha[s] no reasonable expectation of obtaining a favorable outcome.'" *Lowell v. Vermont Dep't of Child. & Fams.*, 835 Fed. Appx. 637, 640 (2d Cir. 2020) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002)). "A state proceeding that 'is legitimate in its purposes, but unconstitutional in its execution -- even when the violations of constitutional rights are egregious -- will not warrant the application of the bad faith exception.'" *Id.* (citation omitted).

Plaintiff contends that the police are racially biased towards him because he is Black and Defendant Hinkle is white, that the system does not believe men in domestic violence situations, and that the police did not read him his *Miranda*[2] rights. *See* Dkt. No. 12 at 16-18, 22-24. Plaintiff's contentions do not represent the circumstances under which the Court would exercise jurisdiction despite *Younger* abstention being warranted. Plaintiff makes conclusory, generalized statements about racial and gender discrimination in criminal and family court proceedings. *See* Dkt. No. 12 at 15-18, 22-24. He does not, however, provide any evidence that the police officers involved in the underlying incident treated him a certain way because of his gender or race, nor

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

does he explain why the *Miranda* violations cannot be challenged in the ongoing state proceedings. *See generally id.*; *see also* Dkt. No. 1; *Adams v. Orange Cnty. of New York*, No. 13-CV-8549, 2014 WL 6646042, *3-4 (S.D.N.Y. Nov. 12, 2014) (dismissing claims under *Younger* doctrine despite allegations of *Miranda* violations). As such, Magistrate Judge Lovric correctly concluded that the bad faith exception to *Younger* abstention does not apply and the Court will abstain from exercising jurisdiction over Plaintiff's complaint.

Plaintiff submitted a letter to the Court on November 21, 2023. *See* Dkt. No. 13. In his letter, he contends that the Endicott Police Department and Defendant Hinkle "are attempting efforts to file additional false criminal charges against plaintiff related to several phone calls received from respondent Endicott Police Dept." *Id.* at 1. Plaintiff attaches a photo to his letter which reflects one missed call, one outgoing call, and one incoming call from "Endicott Police Department." *Id.* at 6. Plaintiff contends that Defendants' actions are in retaliation for Plaintiff's filings and appeals in state court. *See id.* at 2. He also states that "these disturbing and unlawful practices give rise to respondent Endicott Police Dept. engaging in hidden coercive police and prosecutorial misconduct." *Id.* Plaintiff's letter does not alter this Court's conclusion that Magistrate Judge Lovric correctly determined that the Court should abstain from interfering in this case as there are ongoing state proceedings. Rather, Plaintiff's letter confirms this conclusion as he indicates that he is appealing and filing actions in state courts. *See id.*[3]

---

[3] Plaintiff also submitted a letter that is addressed to the Records Access Officer of the Division of Criminal Justice Services in Albany, New York, regarding a Freedom of Information Law ("FOIL") request. *See* Dkt. No. 16. The denial of a FOIL request does not amount to a federal constitutional claim "because 'the New York FOIL procedures are sufficient to protect any property interest [the p]laintiff may have in the receipt of FOIL documents.'" *Jackson v. Wilcox*, No. 1:23-CV-130, 2023 WL 2756489, *6 (N.D.N.Y. Apr. 3, 2023) (quoting *Ramos v. Culick*, No. 6:16-CV-01312, 2017 WL 835406, *4 (N.D.N.Y. Feb. 9, 2017)).

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Insofar as Plaintiff seeks to submit audio or video recordings to the Court, *see* Dkt. No. 14, he may do so with an amended pleading. However, the Court notes that Plaintiff's letter states that the recordings show Defendant Hinkle being the aggressor and demonstrate the Endicott Police Department's bias. *See id.* at 2-3. Neither contention resolves the deficiencies in Plaintiff's complaint: (1) that Defendant Hinkle is a private party, not a state actor, and she cannot be sued under § 1983; and (2) that Plaintiff's state criminal proceedings are ongoing, and the Court should abstain from interfering under *Younger*. Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).[4]

**B.      Plaintiff's Request for an Order to Show Cause**

As to Magistrate Judge Lovric's recommendation denying Plaintiff's request for an order to show cause for a temporary restraining order or preliminary injunction, the Court finds no clear error. *See* Dkt. No. 10 at 17-18. For the Court to issue a preliminary injunction, Plaintiff must demonstrate "'irreparable harm' and . . . 'either (a) a likelihood of success on the merits, or (b)

---

[4] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 10 at 17.

sufficiently serious questions going to the merits of [his or her] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009)).  "[W]hen the moving party seeks a 'mandatory injunction that alters the status quo by commanding a positive act,' the burden is even higher."  *Bradshaw v. Marshal*, No. 9:21-CV-0826, 2023 WL 2262784, *2 (N.D.N.Y. Feb. 28, 2023) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011)). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'"  *Id.* (citation omitted).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005).

  Plaintiff seeks an order declaring the Endicott Police Department's actions unconstitutional, that he is the rightful owner of specific property, and that the state charges against him must be dropped.  *See* Dkt. No. 4-1.  As Magistrate Judge Lovric correctly concluded, Plaintiff has not made the requisite showing to warrant an order to show cause related to a temporary restraining order or preliminary injunction.  *See* Dkt. No. 10 at 17-18; *see also Asirus Ma'At EL/CARL MARTIN (Void) v. Bronx Crim. Ct.*, No. 07-CV-2680, 2007 WL 1225628, *1 (S.D.N.Y. Apr. 19, 2007) ("The plaintiff's allegations fail to establish any of the necessary requirements for preliminary injunctive relief.  Specifically, the plaintiff fails to allege any irreparable injury apart from his anxieties relating to the pending criminal prosecution").  At this

time, Plaintiff has opportunities to challenge his criminal prosecution in state court and he has not shown that he will be irreparably harmed absent this Court's intervention.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that Plaintiff's letter request (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion to dismiss Defendant Linda Jackson (Dkt. No. 17) is **DENIED as moot**; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that Plaintiff's motion for an order to show cause for a temporary restraining order and preliminary injunction (Dkt. No. 4) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: January 2, 2024
            Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge