UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA MALAVE-SYKES,

                         **Plaintiff,**

  vs.                                                3:23-CV-1215
                                                        (MAD/ML)
ENDICOTT POLICE DEPARTMENT,
OFFICER E. RIEGEL, LINDA JACKSON, and
JESSICA HINKLE,

                         **Defendants.**
_____

**APPEARANCES:**

**JOSHUA MALAVE-SYKES**                  **OF COUNSEL:**
15 Delaware Avenue, Apartment 245
Endicott, New York 13760
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On September 28, 2023, Plaintiff commenced this action under 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants Endicott Police Department; Officer E. Riegel in his individual capacity; Endicott Mayor Linda Jackson; and Jessica Hinkle, Plaintiff's girlfriend. *See* Dkt. No. 1. Plaintiff moved to proceed *in forma pauperis*, *see* Dkt. No. 2, and Magistrate Judge Miroslav Lovric granted the motion, *see* Dkt. No. 10 at 18. After reviewing the original complaint, pursuant to 28 U.S.C. § 1915, Magistrate Judge Lovric recommended dismissing the complaint with leave to replead. *See id.* This Court adopted Magistrate Judge Lovric's Order and Report-Recommendation in its entirety and dismissed Plaintiff's complaint with leave to replead.

1

*See* Dkt. No. 20 at 9.

Subsequently, on April 10, 2024, Plaintiff filed an amended complaint with allegations nearly identical to those set forth in the original complaint. *See* Dkt. No. 25. The amended complaint, however, did not include any claims against Defendants Hinkle or Jackson. *See id.* In his amended complaint, Plaintiff asserts the following causes of action: (1) a claim that Defendants falsely arrested Plaintiff on September 22, 2023, in violation of the Fourth Amendment; (2) a claim that Defendants violated Plaintiff's rights pursuant to the Fourth Amendment on November 22, 2023, when Ms. Hinkle was coerced by Defendant Riegel to file a criminal complaint for violating the no contact provision of an order of protection; (3) a claim that Plaintiff was retaliated against in violation of the First Amendment when he appealed a Family Court decision and two weeks later Ms. Hinkle was coerced into filing additional criminal charges against Plaintiff; (4) a claim that Defendants maliciously prosecuted Plaintiff in violation of the Fourth Amendment; (5) a claim that Defendants violated Plaintiff's substantive due process rights pursuant to the Fourteenth Amendment; (6) a claim that Defendants violated Plaintiff's procedural due process rights pursuant to the Fourteenth Amendment; and (7) a claim of deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment.[1]

Magistrate Judge Lovric recommended dismissing the amended complaint without leave to replead. *See* Dkt. No. 29 at 12. More specifically, Magistrate Judge Lovric concluded as follows: (1) the Endicott Police Department is not a proper party to this action, (2) construing the amended complaint as asserting claims against the Village of Endicott, Plaintiff failed to plausibly

---

[1] Although Plaintiff raised this claim under the Eighth Amendment, the Court construes it as arising under the Fourteenth Amendment because the events at issue involved Plaintiff's arrest and pretrial detention. *See Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

2

allege *Monell* liability, and (3) this Court should abstain from exercising jurisdiction over the claims against Defendants Riegel and the Village because of ongoing state proceedings. *See id.* at 6-11. Plaintiff filed objections to Magistrate Judge Lovric's Report and Recommendation in July and August of 2024. *See* Dkt. Nos. 30, 31.

For the reasons set forth below, Magistrate Judge Lovric's Report and Recommendation is adopted in part and rejected in part.

## II. BACKGROUND

Plaintiff alleges that Defendants Riegel and the Endicott Police Department, during their response to a domestic dispute between Plaintiff and Hinkle on September 22, 2023, discriminated against Plaintiff because he is Black. *See* Dkt. No. 25 at ¶ 1. Plaintiff also contends that Defendants conspired with Hinkle to have him "falsely arrested for domestic abuse." *Id.* at ¶ 17. Plaintiff suffered bloody facial wounds from the domestic dispute and asserts that Defendants violated his constitutional rights by failing to provide medical attention. *See id.* at ¶ 25. He also claims that after he voluntarily went to the police station following the domestic dispute, Defendants handcuffed and aggressively questioned him for thirty minutes without providing *Miranda*[2] warnings. *See id.* at ¶¶ 19, 20.

For a more complete recitation of the facts, the parties are referred to Plaintiff's amended complaint and Magistrate Judge Lovric's Report and Recommendation. *See* Dkt. Nos. 25, 29.

## III. DISCUSSION

**A.   Standard of Review**

When a party files specific objections to a magistrate judge's Report and Recommendation, the district court makes a "de novo determination of those portions of the

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Objections that are "[g]eneral[,] . . . conclusory[,] . . . or . . . which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Additionally, federal courts must assess *pro se* litigants' pleadings under a more lenient standard. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants' filings should be "'liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court is obligated to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Hamza v. Midas, Inc.*, No. 1:23-CV-543, 2024 WL 980095, *1 (N.D.N.Y. Mar. 7, 2024) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This practice "is driven by the understanding" that protection from such "inadvertent forfeiture" is "[i]mplicit in the right of self-representation[.]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

B. **Plaintiff's Objections**

Plaintiff's objections to Magistrate Judge Lovric's Report and Recommendation are nearly 100 pages long and not entirely comprehensible. *See* Dkt. Nos. 30-1, 31. Some of the objections, such as Plaintiff's disapproval of Magistrate Judge Lovric's observation that Plaintiff misspelled Defendant Riegel's name, are not grounded in law or any material factual dispute. *See, e.g.*, Dkt.

No. 30-1 at ¶ 2. Elsewhere, Plaintiff contends that Magistrate Judge Lovric ignored positive facts about Plaintiff, such as his "spotless criminal record," positive history as a tenant and employee, and avoidance of drugs and alcohol. Dkt. No. 31 at ¶ 4. Most of the objections do not appear to respond directly to Magistrate Judge Lovric's Report and Recommendation, but instead express frustration with the Court and the judiciary in general. *See, e.g.*, Dkt. No. 30-1 at ¶¶ 5, 19-21, 24-27.

Plaintiff responds more directly to the Report and Recommendation's municipal liability analysis by contending that Magistrate Judge Lovric's reliance on a specific case, *Los Angeles County v. Humphries*, 562 U.S. 29 (2010), is simply "incorrect as matter of law." Dkt. No. 31 at ¶ 5. Also, to demonstrate bias toward his *pro se* pleadings, Plaintiff compares his case to a different civil action involving the Village of Endicott, wherein the plaintiff was represented by counsel. *See id.* at ¶ 8 (citing *Brink v. Village of Endicott*, No. 3:23-CV-00560, Dkt. No. 1 (N.D.N.Y.)).

Because Plaintiff's objections fail to set forth specific arguments against Magistrate Judge Lovric's recommended dismissal, the Court reviews the Report and Recommendation only for clear error. *See Schisler v. Utica Police Dep't*, No. 6:16-CV-1051, 2017 WL 2473176, *2 (N.D.N.Y. June 8, 2017).

**C.   Municipal Liability**

In his Report and Recommendation, Magistrate Judge Lovric recommended that all claims against the Endicott Police Department be dismissed for failure to name the proper defendant. *See* Dkt. No. 29 at 5. Magistrate Judge Lovric further concluded that, even if the amended complaint were liberally construed to view the municipality of Endicott as the properly named

5

defendant, Plaintiff still failed to allege sufficient facts to state a claim under § 1983. *See id.* at 5-6.

It is well settled that municipalities can be held civilly liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Specifically, local governments "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the [alleged unconstitutional action] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* However, as Magistrate Judge Lovric explained, "a municipal police department does not have the capacity to be sued as an entity separate from the municipality in which it is located." *White v. Syracuse Police Dep't*, No. 5:18-CV-1471, 2019 WL 981850, *3 (N.D.N.Y. Jan. 7, 2019) (citing *Krug v. Cnty. of Rensselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *Turczyn ex rel. McGregor v. City of Utica*, No. 6:13-CV-1357, 2014 WL 6685476, *2 (N.D.N.Y. Nov. 26, 2014); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999)); *see also* Dkt. No. 29 at 4, 5. As such, the Court agrees with Magistrate Judge Lovric that the allegations against the Endicott Police Department must be dismissed because the Department is not a proper defendant. Rather, the municipality of Endicott is the proper defendant. *See Monell*, 436 U.S. at 690.

Even if the amended complaint named the municipality of Endicott as a defendant, Magistrate Judge Lovric correctly determined that Plaintiff's claims should still be dismissed for failure to "allege facts plausibly suggesting that the municipality . . . violated Plaintiff's constitutional rights through execution of [its] policies." Dkt. No. 29 at 5. To hold a municipality liable under § 1983, a plaintiff must allege sufficient facts to show that the municipality's conduct "amounted to a custom or policy of the municipality." *Gray v. GC Servs./Apple*, No. 1:20-CV-714, 2020 WL 6729413, *5 (N.D.N.Y. Jul. 9, 2020); *see also Monell*, 436 U.S. at 690.

Additionally, as Magistrate Judge Lovric correctly described, a municipality cannot be held liable under § 1983 solely for employing an alleged tortfeasor. *See* Dkt. No. 29 at 5 (citing *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010)); *see also Monell*, 436 U.S. at 691 ("[W]e conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Plaintiff's contention that Magistrate Judge Lovric incorrectly relied on *Humphries* cannot stand. *See* Dkt. No. 31 at ¶ 5. Magistrate Judge Lovric cited *Humphries* for its summary of *Monell*'s rule that *respondeat superior*, by itself, is not a ground for § 1983 liability. *See* Dkt. No. 29 at 5. This is an accurate statement of law, and Plaintiff offers no further explanation as to why Magistrate Judge Lovric's municipal liability analysis is erroneous. *See* Dkt. No. 31 at ¶ 5; *see also Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020) ("*Monell* expressly prohibits *respondeat superior* liability for municipalities . . .").

As to the facts underlying Plaintiff's claims, Magistrate Judge Lovric noted that the amended complaint primarily "complains of discrete incidents during which an officer or officers employed by the municipality did not act properly." Dkt. No. 29 at 6. Indeed, instead of alleging specific facts showing that a municipal policy or custom violated Plaintiff's constitutional rights, the amended complaint discusses individual scenarios where Endicott police officers allegedly acted unprofessionally or with poor judgment. *See, e.g.*, Dkt. No. 25 at ¶¶ 20, 39, 45. Plaintiff reiterates accusations of similar individualized scenarios in his objections to the Report and Recommendation. *See, e.g.*, Dkt. No. 31 at ¶ 10. These allegations do not set forth any municipal policy or custom that would support § 1983 liability. Therefore, finding no clear error in this portion of Magistrate Judge Lovric's decision, the Court adopts the Report and Recommendation.

**D.**     ***Younger* Abstention**

As Magistrate Judge Lovric discussed in the Report and Recommendation, ongoing state criminal proceedings may bar this Court from exercising federal jurisdiction over Plaintiff's claims against Defendant Riegel under what is commonly referred to as *Younger* abstention. *See* Dkt. No. 29 at 6 (citing *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)). Plaintiff alleges in his amended complaint that after the domestic dispute with Hinkle, the Broome County District Attorney's Office charged Plaintiff with attempted strangulation. *See* Dkt. No. 25 at ¶ 36; *see also* Dkt. No. 30 at 5. This suggests there is a state-level criminal proceeding currently in progress against Plaintiff. However, Plaintiff has submitted letters from a Broome County prosecutor and Plaintiff's appointed public defender that make it unclear whether proceedings are still pending. *See* Dkt. No. 30 at 5 ("The People are moving . . . to reduce the felony count of Strangulation in the Second Degree . . . to the misdemeanor of Criminal Obstruction of Breathing . . ."); *id.* at 6 ("Please be advised that the District Attorney's Office has submitted a motion . . . requesting dismissal of both of your pending charges"); *see also* Dkt. No. 30-1 at ¶ 12 (alleging that a "criminal arrest complaint" against Plaintiff was "dismissed for failure to prosecute"); Dkt. No. 31 at 14 ("In any event plaintiff had all the criminal charges against him dropped . . ."). Moreover, in his supplemental objections, Plaintiff claims that all of the criminal charges against him have been dropped. *See* Dkt. No. 31 at 14. This Court has been unable to verify whether the state-level criminal prosecution is still in progress. For purposes of reviewing Magistrate Judge Lovric's *Younger* analysis, the Court assumes that the state criminal proceedings are still active.

Magistrate Judge Lovric correctly noted that under *Younger* abstention, federal courts should "abstain from exercising jurisdiction over suits to enjoin pending state criminal proceedings" in most circumstances. Dkt. No. 29 at 6 (citing *Younger*, 401 U.S. at 53-54). A three-pronged analysis determines whether federal courts can assume jurisdiction. *See Spargo v.*

8

*N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (citing *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)).  In the Second Circuit, "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Kelly v. Wells Fargo Bank Nat'l Ass'n Securitized Asset Backed Receivable Mortgage Pass Through Certificate - Wells Fargo 101*, No. 3:19-CV-1366, 2020 WL 772685, *3 (N.D.N.Y. Feb. 18, 2020) (citing *Spargo*, 351 F.3d at 75).

The underlying proceeding in *Younger* was a state-level criminal proceeding.  *See Younger*, 401 U.S. at 38-39.  As such, the Supreme Court has explicitly held that ongoing state criminal proceedings satisfy the three-part *Younger* test and require federal abstention.  *See id.* at 40, 54 (finding that the district court did not have jurisdiction to enjoin a district attorney from prosecuting a state-level crime); *see also Schlagler v. Phillips*, 166 F.3d 439, 440-41 (2d Cir. 1999); *Jordan v. Bailey*, 570 Fed. Appx. 42, 43-44 (2d Cir. 2014).  Assuming that the state criminal proceeding against Plaintiff is ongoing, *Younger* requires this Court to abstain from exercising jurisdiction over those causes of action that would call into question ongoing state proceedings.

Here, however, the record is unclear whether any of the state court proceedings are still ongoing.  As such, the Court finds that dismissal on abstention grounds would be appropriate at this time.  Moreover, the Court notes that, even assuming that the state court proceedings were ongoing when this action was first commenced, if they have since concluded, *Younger* abstention would not be a basis to dismiss the complaint.  *See Hicks v. Wells Fargo Bank, N.A.*, No. 19-cv-6253L, 2020 WL 3172771, *2 n.3 (W.D.N.Y. June 15, 2020) (denying the defendant's motion to

9

dismiss the plaintiff's complaint under *Younger* abstention where, although there was an underlying state court action pending at the time the plaintiff filed his complaint, the state court action had been discontinued by the time the court addressed the motion to dismiss) (citing cases). Additionally, to the extent that Plaintiff has alleged a Fourteenth Amendment deliberate indifference to serious medical need claim, that claim is not subject to dismissal under *Younger* since resolution of that claim by this Court would not call into question the ongoing state proceedings. *See Langdell v. Marcoux*, No. 2:08-cv-161, 2009 WL 890121, *3 (D. Vt. Mar. 30, 2009) (declining to dismiss excessive force claim pursuant to *Younger* where "there has been no showing that litigation on the excessive force claim will have any impact on [the plaintiff's] criminal case") (citations omitted).[3]

### IV. CONCLUSION

After carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 29) is **ADOPTED in part and REJECTED in part**; and the Court further

**ORDERS** that Plaintiff's claims against the Endicott Police Department are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it, along with a copy of the amended complaint and a packet containing General Order 25, to the United States Marshall for service upon Defendant Riegel; and the Court further

---

[3] The Court notes that, if the state criminal proceedings have concluded and resulted in a conviction on one or more of the charges brought against Plaintiff, some of Plaintiff's claims will likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**ORDERS** that the Clerk of the Court shall terminate Defendants Endicott Police Department, Endicott Mayor Linda Jackson, and Jessica Hinkle as parties to this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 20, 2024
Albany, New York

Mae A. D'Agostino
U.S. District Judge